IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVIN SEATS, #R65374, | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 24-cv-02175-SMY |
| | ) |
| SGT. MEATHANEY, | ) |
| MICHAEL KRAMER,[1] | ) |
| C/O ROUNDTREE, | ) |
| LT. SULGER, | ) |
| LT. DYE, and | ) |
| NURSE LEWIS, | ) |
| | ) |
|        **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Devin Seats, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pontiac Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was housed at Menard Correctional Center. He claims Defendants were deliberately indifferent to his need for medical attention, inflicted excessive force, and retaliated against him in violation of his constitutional rights. (Doc. 1). He seeks monetary damages. *Id.*

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] Plaintiff spells this defendant's surname as "Kremar" throughout the Complaint. The Clerk will be directed to correct the spelling.

1

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff, who is severely mentally ill, was on crisis watch at Menard on August 19, 2024 and began cutting himself on his left arm (Doc. 1, p. 2). He showed his wound to C/O's Kremar and Roundtree and asked for medical attention. They responded by saying, "That's not deep enough, cut deeper," and failed to summon medical assistance. Plaintiff continued to cut himself and "beat and bang[ed]" for medical attention. *Id.* Kremar and Roundtree returned to the gallery to take other inmates on call passes. They continued to ignore Plaintiff's pleas for medical help, with Kremar saying, "you still ain't dead yet?" (Doc. 1, p. 2).

Sometime later, Sgt. Meathaney came to Plaintiff's crisis watch cell and sprayed him with two cans of O.C. (pepper) spray. Roundtree put Plaintiff in "extremely tight" handcuffs and shackles and took him to the holding cage. Meathaney, Lt. Sulger, and Lt. Dye told Plaintiff he was not allowed any medical attention because they didn't care what he did or cut. These defendants instructed Nurse Lewis not to give Plaintiff any medical care, and she did not provide any, even after seeing the wound on Plaintiff's left arm (Doc. 1, p. 3).

Dye and Sulger placed Plaintiff back in the same crisis watch cell where he had been "maced." Plaintiff's skin was burning and he had an open wound, but he was not allowed to shower. The cell had mace/O.C. spray all over the walls and floor. Plaintiff was housed there for at least another week, during which he did not have a mattress, was forced to sleep on the floor with only a "safety blanket," and was denied shower access. *Id.* Sulger and Dye told Plaintiff he would remain there for a while since he is trying to sue everybody. These events caused Plaintiff emotional pain and injury.

Based on the allegations in the Complaint, the Court designates the following claims in

this *pro se* action:

> Count 1: Eighth Amendment claim for deliberate indifference to serious medical & mental health needs against Kremar and Roundtree for allowing Plaintiff to continue cutting himself, and against Kremar, Roundtree, Meathaney, Sulger, Dye, and Lewis for depriving Plaintiff of medical attention for his self-inflicted arm laceration.
>
> Count 2: Eighth Amendment excessive force claim against Meathaney for deploying O.C. spray on Plaintiff and against Roundtree for placing Plaintiff in extremely tight handcuffs and shackles.
>
> Count 3: First Amendment retaliation claim against Sulger and Dye for keeping Plaintiff in the crisis watch cell without a shower or mattress in retaliation for Plaintiff's prior lawsuits.
>
> Count 4: Eighth Amendment cruel and unusual punishment claim against Sulger and Dye for housing Plaintiff in the crisis watch cell for approximately one week, denying him a shower to wash the O.C. spray off his body, and forcing him to sleep on the floor contaminated with O.C. spray without a mattress or adequate bedding.
>
> Count 5: State law claim for intentional infliction of emotional distress against all defendants for the conduct described in Counts 1-4.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Count 1

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical or mental health needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017); *Sanville v. McCaughtry*,

266 F.3d 724, 734 (7th Cir. 2001). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical or mental health condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Rasho*, 856 F.3d at 475. The allegations in the Complaint are sufficient for Plaintiff to proceed on the deliberate indifference claim in Count 1 against Kremar, Roundtree, Meathaney, Sulger, Dye, and Lewis.

### Count 2

"Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018); *see also Wilkins v. Gaddy*, 559 U.S. 34 (2010). Here, Plaintiff alleges that Meathaney sprayed him with two cans of O.C. spray while he was merely "walking from the back of his cell using the washroom" (Doc. 1, p. 2). Plaintiff indicates he did not pose any threat before he was sprayed or while Roundtree applied the tight restraints. These allegations state a viable excessive force claim against Meathaney and Roundtree.

### Count 3

Prison officials may not retaliate against inmates for filing grievances, lawsuits, or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted). Here, Plaintiff alleges that Sulger and Dye told him he would remain in the crisis cell under the difficult conditions because Plaintiff was "trying [to] sue everybody" (Doc. 1, p. 3).

Although Plaintiff does not describe any specific lawsuits, the Court takes judicial notice that he filed two cases in this District that were served on Menard correctional officers in July 2024, not long before the alleged retaliation took place: *Seats v. Doty, et al.*, Case No. 24-cv-1051-MAB (S.D. Ill., Doc. 24), and *Seats v. Wills, et al.*, Case No. 23-cv-3876-GCS (S.D. Ill., Docs. 36, 41, 48). Given this chronology of events, Count 3 may proceed against Sulger and Dye.

**Count 4**

Prison conditions that deprive inmates of basic human needs – food, medical care, sanitation, or physical safety – may violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981). To state an Eighth Amendment claim for unconstitutional conditions of confinement, Plaintiff must plead facts suggesting he was denied "the minimal civilized measure of life's necessities," creating an excessive risk to his health or safety (the objective element). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). He must also sufficiently plead that the defendant exhibited deliberate indifference to a substantial risk of serious harm to the inmate, despite the defendant's knowledge of the bad conditions. *Farmer*, 511 U.S. at 837, 842.

Here, Plaintiff alleges that Sulger and Dye knew about the conditions in his crisis watch cell – contamination with O.C. spray on the walls and floor, where Plaintiff had to sleep without sufficient bedding – and deprived him of the ability to shower to clean the O.C. spray off his body and arm wound. He also alleges that they kept him in the cell under these conditions for at least a week. These factual allegations may support a finding that these defendants created a substantial risk to Plaintiff's health, and are sufficient for this Eighth Amendment claim to proceed against Sulger and Dye.

**Count 5**

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must

demonstrate that the defendant(s) intentionally or recklessly engaged in "extreme and outrageous conduct" that resulted in severe emotional distress. *Somberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006); *see Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006). The tort has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). Plaintiff's allegations satisfy this pleading standard. Accordingly, Count 5 will proceed against Kremar, Roundtree, Meathaney, Sulger, Dye, and Lewis, based on the conduct described in Counts 1-4.

## Official Capacity Claims

Plaintiff raises claims against each defendant in his or her individual and official capacities. Plaintiff's claims for monetary damages may only be pursued against state officials in their individual capacities. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Accordingly, the official capacity claims against the individual defendants are dismissed without prejudice.

## Disposition

The Complaint states colorable claims in Counts 1 and 5 against Kremar, Roundtree, Meathaney, Sulger, Dye, and Lewis; in Count 2 against Meathaney and Roundtree; and in Counts 3 and 4 against Sulger and Dye. The Clerk is **DIRECTED** to correct the spelling of Defendant Kramer's name to "Kremar."

The Clerk shall prepare for Sgt. Meathaney, Michael Kremar, C/O Roundtree, Lt. Sulger, Lt. Dye, and Nurse Lewis: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a

Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days**

after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  February 13, 2025**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.